Boisvert v. Wal-Mart                    CV-99-478-M    01/18/01
                UNITED STATES DISTRICT COURT

                 DISTRICT OF NEW HAMPSHIRE


James Boisvert,
     Plaintiff

     v.                                  Civil No. 99-478-M
                                         Opinion No. 2001 DNH 017
Wal-Mart Stores, Inc.,
     Defendant


                        **O R D E R**


     Plaintiff brings suit against his former employer asserting

claims under the Family Medical Leave Act (FMLA), 29 U.S.C.

§ 2611, et seq. (Count I), for wrongful termination (Counts II

and IV), and under the New Hampshire Consumer Protection Act,

N.H. Rev. Stat. Ann. (RSA) 358-A (Counts III and V).  Defendant

moves for summary judgment on all counts (document no. 9).


                    **Standard of Review**

     Summary judgment is appropriate when the record reveals "no

genuine issue as to any material fact and . . . the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  When ruling upon a party's motion for summary judgment,

the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In this context,

2

"a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

## Factual Background

Plaintiff was employed by defendant on two separate occasions. He was first hired in April 1993. In early 1996, plaintiff began arriving at work late and missing shifts. Sometime during this period, plaintiff's mother became ill and bedridden. On March 21, 1996, plaintiff met with one of his supervisors to discuss his tardiness and absenteeism. He was informed that if his attendance did not improve, he would be fired. Plaintiff continued to have problems with tardiness and on July 28, 1996, he met with another supervisor. They decided he would prepare a plan of action for improving his attendance. Little to no change followed, and, on September 28, 1996,

defendant terminated plaintiff's employment due to his tardiness and absenteeism.

Defendant rehired plaintiff about two months later, in November 1996, to work in receiving at a different location. In late January 1998, more than a year after he resumed working for defendant, plaintiff received an evaluation indicating he was not working safely or carefully, resulting in his involvement in several accidents. Subsequently, he was removed from the receiving department and reassigned to the maintenance department.

In April, plaintiff was notified by the Strafford County Superior Court that he was required to appear for jury service on April 6, 13, 20, and 27. Defendant's corporate policy regarding jury service provides for compensation for time spent fulfilling jury duty and permits schedule adjustments for employees, like plaintiff, who usually work outside normal juror hours (i.e., night shifts). Such employees are allowed to miss their shifts and still be compensated. However, the policy requires an employee who is excused from jury service, and who has more than four hours left in his or her shift, to return to work.

4

Having been told by a supervisor to take off the night before jury service in addition to the actual day, plaintiff submitted time adjustment requests for April 5, 6, 12, 13, 19, 20, 27, and 28, based on jury duty. Defendant's records indicate that plaintiff received jury duty pay for April 5, 6, 13, 14, 20, 21, 27, and 28. Defendant later obtained a Certificate of Jury Attendance from the Clerk of the Superior Court, dated May 1, 1998, establishing that plaintiff served as a juror on April 6, 20, 27, 28, and 29. Plaintiff was terminated on May 8, 1998, for falsifying jury duty claims.

Plaintiff sues for wrongful discharge and violation of the New Hampshire Consumer Protection Act in relation to both terminations. Plaintiff also claims his FMLA rights were violated when he was first dismissed in September of 1996, and that the stated reason for his subsequent termination in May of 1998 was a pretext for discrimination based on his learning disability, as well as retaliation for having missed work while serving as a juror.

5

**Discussion**

A.    Family Medical Leave Act (Count I)

Plaintiff claims that his attendance problems during his first period of employment by defendant were the result of his need to care for his ill, bedridden mother.  The FMLA does protect employees who miss work to care for a family member with a serious medical condition.  However, in order to benefit from the FMLA's protections, an employee must first notify his employer of the need to take leave.  See 29 U.S.C. § 2612(e)(2). If the need for leave is foreseeable, the employee is required to make every effort to avoid scheduling conflicts and must give the employer at least 30 days notice of the need for leave.  See id. If the need is unforseeable, the employee must notify the employer as soon as practicable.  See id.  The employee need not specifically invoke his FMLA rights, but must give enough information to put the employer on notice of the need for FMLA leave.  See Weeden v. Sears Roebuck & Co., No. CIV98-435-JD, 1999 WL 970538, at *4 (D.N.H. Aug. 19, 1999) (citing Gay v. Gilman Paper Co., 125 F.3d 1432, 1435-36 (11th Cir. 1997)).  Defendant

contends that it did not violate plaintiff's FMLA rights because plaintiff never gave any notice that he was in need of leave.

The parties understand that whether notice was given is, initially, one of material fact. If summary judgment is to be avoided, dispute over some material fact must exist, and the dispute must be genuine – meaning it must be supported by evidence. Defendant says there is no genuine dispute over notice. Defendant points to plaintiff's deposition testimony in which, when asked about the three meetings addressing his attendance problems, plaintiff admitted he did not tell his supervisors why he was late and missing shifts. See Def. Summ. J. Mot. Ex. H, Boisvert Dep. at 31, 33, 36 (Boisvert Dep.) (document no. 9). Plaintiff, on the other hand, has failed to identify any evidence supporting his claim that he told his employer about his mother's illness and his need to care for her, at any relevant time. He has not submitted an affidavit identifying the person(s) he allegedly informed, how the information was effectively communicated, or how defendant was otherwise informed of the medical condition requiring leave. Additionally, he does not dispute defendant's reliance on his own

7

deposition testimony.[1]  Instead, in opposition to summary judgment, plaintiff's only argument suggests that future depositions of his supervisors are necessary before the issue can be decided.

This argument fails for two reasons.  First, plaintiff's reliance on what future depositions might establish, without offering any reason to think that the asserted facts will be

---

[1]Defendant includes the following excerpt:
Q. In the exit interview, did you tell Mr. Pike [Plaintiff's supervisor] why you were unable to comply with your attendance plan that you made up?
A. Yes.
Q. Okay.  What did you tell him?
A. I was helping my mother the following night with her treatment from her incident.
Q. Tell me – and you remember saying this to Mr. Pike at the exit interview?
A. No.
Q. You don't remember that – saying that, do you?
A. I don't remember saying that.
Boisvert Dep. at 36.

While plaintiff's initial answer does suggest that he did in fact notify defendant of his situation, the testimony also reveals that he does not remember telling his supervisor the reason he failed to comply with his attendance plan; plaintiff offers no other explanation supporting a conclusion that he did tell his supervisor that he had to care for his mother, notwithstanding his own lack of memory of the event.

established, is speculation, at best, and insufficient to rebut the evidence presented by defendant.

Second, the depositions plaintiff proposes to take are of Wayne Garland and Paul Spescha. But Garland and Spescha were plaintiff's supervisors during his <u>second</u> period of employment, not his first, when attendance was a problem. The record is clear and plaintiff does not dispute, that none of the evaluations completed during plaintiff's first period of employment bear either Garland's or Spescha's name as supervisor. Moreover, plaintiff's deposition testimony reveals that plaintiff spoke to Garland, who in turn spoke to Spescha, about his jury service, an issue that arose during his second period of employment. <u>See</u> Boisvert Dep. at 65-66. Because there is no plausible basis for suggesting that either Garland or Spescha had any contact with plaintiff during his first period of employment, much less supervised him, their depositions would likely add nothing at all relevant to whether notice of plaintiffs need for an FMLA absence was given. Accordingly, on this record, defendant is entitled to summary judgment on the FMLA count.

9

B.    Wrongful Termination (Count IV)

The complaint suggests plaintiff may be asserting a claim under the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq. (ADA).  See Complaint ¶ 11 (alleging disability within meaning of ADA).  However, other than plaintiff's statement in his complaint that he was at all relevant times learning disabled as defined by both New Hampshire and federal law, the record is silent as to whether that asserted disability played any role in his discharge.  Although defendant concedes that it was aware of plaintiff's learning disability during both periods of employment, that knowledge, alone, is hardly sufficient to support an allegation that plaintiff was discharged because of his disability.  Plaintiff offers no evidence of causation such as statements made by defendant's officers or employees, prior discipline related to his learning disability, or even any argument (other than the allegation in the complaint) that his learning disability somehow contributed to his dismissal.

10

## Conclusion

Plaintiff has failed to present evidence sufficient to establish a genuine issue of material fact with respect to his FMLA claim (Count I) or his possible ADA claim (Count IV). Given the undisputed material facts, defendant is entitled to judgment as a matter of law. Accordingly, defendant's Motion for Summary Judgment (document no. 9) with respect to those claims is granted.

Having disposed of plaintiff's federal claims, the court declines to exercise its supplemental jurisdiction over the remaining state law claims. See generally, Camelio v. American Federation, 137 F.3d 666 (1st Cir. 1998). Accordingly, those claims are dismissed without prejudice to refiling in state court.

The Clerk shall enter judgment in accordance with the terms of this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 18, 2001

cc:   Thomas P. Elias, Esq.
      E. Tupper Kinder, Esq.
      Pamela D. Connolly, Esq.